ESCROW AGREEMENT
AND SUPPORT DOCUMENTS

FILE No.: PEH2-1213

This Agreement; entered into this 15th Day of January 2014, is by and between; Panorama Energy Holdings, Inc., hereinafter referred to as "Depositor" and from time to time listed in this Agreement and other support documents as "Borrower"; JC Funding-13, LLC (an affiliate of JC Funding Group, LLC), hereinafter referred to in this Agreement as "Lender" and Jery E. Barton of Barton Law Firm, LPA, hereinafter from time to time known as "Settlement Agent" or "Escrow Agent", for good and valuable consideration which is hereby acknowledged and agreed to as follows:

WITNESSETH:

WHEREAS: Depositor has completed a Loan Agreement with JC Funding-13, LLC consisting of a Ten Year Term, with a Loan Amount of $4,850,000 (Four Million Eight Hundred Fifty Thousand Dollars and Zero Cents) hereinafter the "Loan" that will be provided to the Borrower as set forth in the Loan Agreement;

WHEREAS: As a condition of the Loan, the Depositor has agreed to deposit $500,000 (Five Hundred Thousand Dollars USD), representing equity participation in the program for which the Loan is being provided (the "Deposit"). Such participation is a recognized requirement for purposes of avoiding a Loan that is a 100% of the total required capital associated with the Business Plan.

WHEREAS: Depositor directed said funds be transferred to the Escrow Account of Settlement Agent, said Escrow Account located at KeyBank in the State of Ohio, the details of which are attached as Exhibit D;

NOW THEREFORE, it is hereby further agreed as follows:

INSTRUCTIONS

1. Depositor hereby requests Settlement Agent to retain in Escrow the Deposit.

2. Release: The Deposit shall be held pending sequential receipt by Settlement Agent, of the following documents, which when fully received and acted upon will constitute the "Release":

    i. Fully executed "Loan Agreement" by and between Lender and Depositor;

    ii. Escrow Agreement Exhibit "A" providing for release of funds to be used by Lender to generate the capital to provide the Loan; and

Depositor: _/s/_ acknowledgment

1

    iii. Wire Instructions provided by Lender under separate cover on corporate letterhead.

3. IN THE EVENT THAT ALL THE REQUIRED DOCUMENTS HAVE NOT BEEN RECEIVED BY SETTLEMENT AGENT BY **January 17, 2014** AT 5:00 P.M. EASTERN STANDARD TIME, SETTLEMENT AGENT SHALL VOID THIS AGREEMENT AND RETURN THE DEPOSIT TO THE DEPOSITOR WITHOUT DELAY NOT EXCEEDING FORTY EIGHT HOURS.

4. <u>Deposit Restoration:</u> Under the Loan Agreement, Lender is required to restore the Deposit in its entirely no later than the Capital Availability Date described in the Loan Agreement for funding of the Loan Series Proceeds (the "Restored Deposit"). Settlement Agent shall receive such wired funds directly from Lender. Escrow Agent shall notify Borrower in writing (Exhibit E) that it has received the Restored Deposit.

5. <u>Lender Notice of Default:</u> Under the Loan Agreement, Borrower has agreed to provide a corporate guaranty against certain actions during the course of the period of Escrow, including: (a) no breach of representation and warranties made under the Loan Agreement, (b) no events of Corporate Fraud, Material Misinformation, Material Misrepresentations, Fabricated Documents, Misappropriation of Funds or Services ("Events of Fraud") or (c) uncured Events of Default as defined in the Loan Agreement. Should Escrow Agent receive a Lender Notice of Default (Exhibit B), Escrow Agent:

    a. Shall Notify Borrower that it has received the Lender Notice of Default;
    b. Confirm through actions that are sufficient in the sole discretion of Escrow Agent but not less than written notice and response from Borrower, that the form of Default as stated in the Lender of Notice of Default has occurred;
    c. Upon confirmation that the stated Default has occurred and if Escrow Agent has not received a Notice to Contest from Borrower, Escrow Agent shall immediately release the Deposit to Lender; and
    d. If, prior to the expiration of five (5) business days from the receipt of a Lender Notice of Default, Escrow Agent receives from Borrower a Notice to Contest (Exhibit C), then Escrow Agent shall suspend the release of the Deposit under any circumstances until a resolution has been achieved under paragraph 7(d) below.

6. <u>Subsequent Release:</u> Following receipt of the Restored Deposit, Settlement Agent shall confirm that the Loan Proceeds have been delivered to Borrower under the Loan Agreement, and upon such confirmation, release the Restored Deposits to Depositor within three business days.

7. <u>Responsibilities of Settlement Agent</u>

    (a) The Settlement Agent is acting hereunder solely as Settlement Agent and not as an attorney rendering legal advice to any Party and neither Settlement Agent nor any of its Employees or Officers, shall be liable for any action taken (or) omitted from being taken, by Settlement Agent in its capacity as Settlement Agent, other

Depositor: _[initials]_ acknowledgment

2

than liability determined to have arisen by reason of the gross negligence breach of its obligations or willful misconduct of Settlement Agent in which circumstance the relief from liability provided in this section shall not apply.

(b) The Settlement Agent undertakes to perform only such duties as are expressly set forth in this Agreement, or in a properly executed and delivered amendment hereto.

(c) The Settlement Agent may rely on, and shall be protected in acting or refraining from acting on, any written instructions believed by Settlement Agent to be genuine and to have been signed or presented by the proper representative of the Parties herein.

(d) Settlement Agent shall be entitled at any time to seek further direction regarding its duties and obligations under this Agreement from any court of competent jurisdiction by instituting any actions in its sole discretion to determine the rights of the Parties hereunder. If any controversy arises between the parties to this Agreement or with any other party concerning the subject matter of this Agreement, its terms or conditions, Settlement Agent will not be required to determine the controversy or to take any action regarding it. Settlement Agent may hold all documents and funds and may wait for settlement of any such controversy by final appropriate legal proceedings or other means as, in Settlement Agent's reasonable discretion, Settlement Agent may require. In such event, Settlement Agent will not be liable for interest or damages. Furthermore, Settlement Agent, at its option, may file an action of interpleader requiring the parties to answer and litigate any claims and rights among themselves. Settlement Agent is authorized to deposit with the clerk of the court all documents and funds held in escrow. All costs, expenses, charges and reasonable attorney fees incurred by Settlement Agent due to the interpleader action shall be paid by Lender. Upon initiating such action, Settlement Agent shall be fully released and discharged of and from all obligations and liability imposed by the terms of this Agreement. In addition, Settlement Agent shall be allowed to seek a Declaratory Judgment regarding the duties and rights of the Parties under the Agreement in connection with the dispute. Should any court actions taken by Escrow Agent require the posting of a bond the parties hereto agree to waive such requirement.

(e) The Lender and the Depositor jointly indemnify and hold the Settlement Agent harmless from any and all claims, liability, damages, and losses arising by reason of its actions as Settlement Agent, including attorney fees, except for those actions determined to have been caused by the Settlement Agent's gross negligence breach of its obligations or willful misconduct, in which case Settlement Agent shall indemnify and hold harmless Lender and Depositor.

Depositor: *W/M* acknowledgment

3

DEFS. JNC & JCFG 000657

(f) The Lender shall be liable for the prompt payment of any fees or expenses (including attorney fees) incurred by Settlement Agent in exercising their duties under this Agreement.

(g) Upon discharging of their duty in the manner provided for in this Agreement, the Settlement Agent shall have no further liability by virtue of acting as Settlement Agent.

(h) In the event the Deposit needs to be held by Escrow Agent for any period longer than 30 days, the Parties hereunder agree that Escrow Agent shall open a custodian account at KeyBank, N.A., and invest such funds in an interest bearing account. Interest earned shall accrue to the benefit of the Depositor and shall be disbursed in accordance with disbursement procedures governing the Deposit. Lender shall be responsible for Escrow Agent costs incurred in establishing and administering such account.

8. In consideration for Settlement Agent agreeing to act as Escrow or Settlement Agent in these matters, Lender agrees to pay an escrow fee for each deposit as mandated by the Instructions above.

9. This Agreement may be executed in one or more counterparts, each of which shall be deemed any original and all of which together shall constitute a single instrument. Electronic facsimile and electronic mail shall be considered written documents for the purposes of this Agreement.

10. This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of California without regard to conflict of laws and provisions. The Parties hereto acknowledge that Settlement Agent is an Attorney at Law Licensed only in the State of Ohio. Any actions requiring appearance in a venue that is outside of the State of Ohio, Settlement Agent shall have the right to engage legal representation in that state as maybe required under the laws of that state or jurisdiction.

**IN WITNESS WHEREOF**, the Depositor, Lender and Settlement Agent have caused this Agreement to be executed by their duly authorized representatives, as of the day and year first written above.

**AUTHORIZING DEPOSITOR**
PANORAMA ENERGY HOLDINGS, INC

_____
Name: William Maynard
Vice President Investment Development


Depositor: _____ acknowledgment

4

**LENDER**
JC FUNDING-13, LLC

_____
Name: Jeff N. Crossland, Principal

**SETTLEMENT AGENT**
BARTON LAW FIRM, LPA

_____
Name: Jery E. Barton

STATE OF _____
COUNTY OF _____

On this ____ day of _____ 2014 before me appeared the person known as _____ to me personally known or having provided _____ as identification.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City and State aforesaid, the day and year first above written.

_____
Notary

Depositor: _WM_ acknowledgment

5

DEFS. JNC & JCFG 000659

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __LOS ANGELES__

On __1/15/2014__ before me, __SHIRLEY L. YU, NOTARY PUBLIC__
     Date                                    Here Insert Name and Title of the Officer

personally appeared __JEFFERY NICHOLAS CROSSLAND__
                                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
                       Signature of Notary Public

[Notary seal: SHIRLEY L. YU, Commission # 1882824, Notary Public - California, Los Angeles County, My Comm. Expires Mar 14, 2014]

Place Notary Seal and/or Stamp Above

---------- **OPTIONAL** ----------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: __ESCROW AGREEMENT AND SUPPORT DOCUMENTS__

Document Date: __1/15/2014__        Number of Pages: __5__

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Corporate Officer — Title(s): _____
- ☐ Individual
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

Signer's Name: _____
- ☐ Corporate Officer — Title(s): _____
- ☐ Individual
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

©2008 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907  Reorder: Call Toll-Free 1-800-876-6827

DEFS. JNC & JCFG 000660

**ESCROW AGREEMENT**
**EXHIBIT "A"**
**RELEASE OF DEPOSIT**

To: Mr. Jery E. Barton  
ATTORNEY-AT-LAW  
Barton Law Firm, LPA  
1701 Woodlands Drive  
Suite 300  
Maumee, OH43537  

Date:_____2014

FILE No. PEH2-1213

Dear Mr. Barton:

We hereby instruct you to release Five Hundred Thousand Dollars ($500,000) of the funds held as Deposit in your Escrow Account to banking coordinates to be provided by Lender. Lender commits to a Deposit Restoration under paragraph 4 of the Escrow Agreement.

Sincerely,

PANORAMA ENERGY HOLDINGS, INC  
"The Depositor"

_____  
Mr.Richard Eaton, CEO,  
As duly authorized  
agent of Panorama Energy Holdings, Inc

Depositor: _____WM_____ acknowledgment

6

**ESCROW AGREEMENT**
**EXHIBIT "B"**
**Lender Notice of Default**

To: Mr. Jery E. Barton                                            Date:_____2014
ATTORNEY-AT-LAW
Barton Law Firm, LPA
1701 Woodlands Drive
Suite 300
Maumee, OH 43537

FILE No.: PEH2-1213

Dear Mr. Barton:

Please be informed that as of the date listed above the Lender hereby serves notice that Borrower has defaulted under the terms of the Loan Agreement as follows:

( ) A breach of representation and warranties made under the Loan Agreement.

( ) An Event of Corporate Fraud, Material Misinformation, Material Misrepresentations, Fabricated Documents, Misappropriation of Funds or Services.

( ) An uncured Event of Default as defined in the Loan Agreement.

Based on these events, we hereby instruct you, to release the balance of the Deposit held in your Escrow Account to Lender based on their provided instructions, under paragraph 5 of the Escrow Agreement.

Sincerely,

JC Funding-13, LLC
"The Lender"

_____
Mr. Jeff N. Crossland as Member, Personally and as duly authorized agent of
JC Funding-13, LLC


Depositor: _WM_____ acknowledgment

7

DEFS. JNC & JCFG 000662

**ESCROW AGREEMENT**
**EXHIBIT "C"**
**Borrower Notice to Contest**

To: Mr. Jery E. Barton                                        Date:_____2014
ATTORNEY-AT-LAW
Barton Law Firm, LPA
1701 Woodlands Drive
Suite 300
Maumee, OH 43537

FILE No.: PEH2-1213

Dear Mr. Barton:

Please be informed that as of the date listed above the Borrower has received notice from you of receipt of a Lender Notice of Default. We hereby serve notice of our right to contest such Lender Notice of Default.

Based on this Notice to Contest, we hereby instruct you to follow the procedures outlined in paragraphs 5 and 7 of the Escrow Agreement.

Sincerely,

Panorama Energy Holdings, INC
"The Depositor"

_____
Mr. Richard Eaton, CEO,
As duly authorized
agent of Panorama Energy Holdings, Inc.

Depositor:___[signature]___ acknowledgment          8

**ESCROW AGREEMENT**
**EXHIBIT D**
**SETTLEMENT AGENT ESCROW ACCOUNT**
**WIRE INSTRUCTIONS**

Depositor: _[signature]_ acknowledgment

9

DEFS. JNC & JCFG 000664

**ESCROW AGREEMENT**
**EXHIBIT "E"**
**Notification of Receipt of Restored Deposit**

Mr. Richard Eaton [Date]
CEO
Panorama Energy Holdings, LLC
1800 California Avenue
Tower B, Suite 2
Bakersfield, CA 93309
E-Mail: reatonfc@gmail.com

Dear Mr. Eaton,

I hereby serve notice that I have received the Restored Deposit as described in Paragraph 4 of the Escrow Agreement and will hold it pursuant to the instructions as set forth under the Escrow Agreement.

Sincerely,

_____
Jery E. Barton
Barton Law Firm, LPA

Depositor: _[signature]_ acknowledgment                10