

| | Kathy Crawford<br>Title Officer | Stewart Title of California, Inc.<br>11870 Pierce St, Ste 100<br>Riverside, CA  92505<br>Phone:<br>Fax:  (951) 346-3395<br>kcrawfor@stewart.com |
|---|---|---|

# PRELIMINARY REPORT

Order No.:                    156389
Your File No.:
Buyer/Borrower Name:
Seller Name:              Jeff Crossland

Property Address:  1118 3rd Street, Unit 402, Santa Monica, CA  90403

In response to the above referenced application for a Policy of Title Insurance, Stewart Title of California, Inc. hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Stewart Title Guaranty Company Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referenced to as an Exception on Schedule B or not excluded from coverage pursuant to the printed Schedules, Conditions, and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on covered Risks of said policy or policies are set forth in Exhibit A attached. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.  Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limits of Liability for certain coverages are also set forth in Exhibit A.  Copies of the policy forms should be read. They are available from the office which issued this report.

Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit A of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters, which are not covered under the terms of the title insurance policy and should be carefully considered.

It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.

This report, (and any supplements or amendments thereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance a binder or commitment should be requested.

| Dated as of December 5, 2017 at 5:26PM | |
|---|---|

**When replying, please contact:**     Kathy Crawford, Title Officer

Stewart Title of California, Inc.
11870 Pierce St, Ste 100
Riverside, CA  92505

# PRELIMINARY REPORT

**The form of Policy of Title Insurance contemplated by this report is:**

☐ CLTA Standard Coverage Policy

☒ CLTA/ALTA Homeowners Policy

☐ 2006 ALTA Owner's Policy

☒ 2006 ALTA Loan Policy

☐ ALTA Short Form Residential Loan Policy

☐

# SCHEDULE A

**The estate or interest in the land hereinafter described or referred to covered by this report is:**

A Condominium as defined in Section 783 of California Civil Code, in fee as to parcel(s) 1 and an easement more particularly described as to parcel(s) 2.

**Title to said estate or interest at the date hereof is vested in:**

Jeff Crossland and Alice Longoria, Trustees, or any successors in trust, under the A & J Trust dated July 09, 2008 and any amendments thereto

# LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of Los Angeles, City of Santa Monica and described as follows:**

A Condominium Composed of:

Parcel 1:

A) An undivided 1/43rd interest in and to Lot 1 of Tract No 30965, in the City of Santa Monica, as per Map recorded in Book 943, Pages 98 to 100, inclusive, of Maps, in the Office of the County Recorder of said County

Except therefrom Units 1 to 43, inclusive, as defined and delineated on the Condominium Plan recorded August 4, 1980 as Instrument No. 80-740969, and as amended in that certain "Amendment to Condominium Plan", recorded February 28, 1989 as Instrument No. 89-317413, Official Records.

B) Unit 21 as defined and delineated on the above referred to Condominium Plan.

Parcel 2:

An exclusive easement, appurtenant to Parcel 1 above, for all uses and purposes of a parking space over and across that portion of Lot 1 of said Tract No. 30965 defined and delineated as "Part of the Common Area" 402 on the above referenced Condominium Plan.

Except from Parcels 1 and 2 above all oil, gas and other hydrocarbon substances and all minerals lying below a depth of 500 feet, as granted to Phyllis worthy, an unmarried woman, by Deed recorded August 10, 1978 as Instrument No. 78-878177 of said County, all rights of surface entry in the surface and substance of said land to a depth of 500 feet were relinquished to record owner of said land, by Deed recorded May 1, 1980 as Instrument No. 80-443722 and by Deed recorded April 24,1980 as Instrument No. 80-412913 of said County.

APN:  4292-021-044

(End of Legal Description)

MAP

THE MAP CONNECTED HEREWITH IS BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THIS MAP SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THIS MAP MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAPS NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP.

# SCHEDULE B

**At the date hereof, exceptions to coverage in addition to the printed exceptions and exclusions contained in said policy or policies would be as follows:**

**Taxes:**

    A. General and Special City and/or County taxes, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2017 - 2018:
1st Installment : $4,514.33, Paid
2nd Installment : $4,514.32, Open
Parcel No. : 4292-021-044
Code Area : 08004

    B. The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.

    C. Assessments, if any, for Community Facility Districts affecting said land which may exist by virtue of assessment maps or notices filed by said districts. Said assessments are collected with the County Taxes.

**Exceptions:**

1. Water rights, claims or title to water in or under said land, whether or not shown by the public records.

2. Matters in various instruments of record which contain, among other things, easements and rights of way in, on, over and under the common area for the purpose of constructing, erecting, operating or maintaining thereon or thereunder overhead or underground lines, cables, wires, conduits, or other devices for electricity, power, telephone and other purposes, storm water drains and pipes, water systems, sprinkling systems, water, heating and gas lines or pipes, and any similar public or quasi-public improvements or facilities. Also the equitable right of use and enjoyment in and to and throughout the common area as well as nonexclusive easements and equitable rights for ingress, egress to the owner herein described.
Reference is hereby being made to various documents and maps of record for full and further particulars.

3. Terms, provisions, covenants, conditions, restrictions, easements, charges, assessments, and liens provided by applicable condominium law or the Condominium Declaration and Bylaws recorded April 22, 1980 as Instrument No. 80-404673, Official Records, but omitting, except to the extent permitted by any applicable federal or state law, covenants or restrictions, if any, based on race, color, religion, sex, familial status, national origin, handicap, sexual orientation, marital status, ancestry, source of income, disability, medical condition, or other unlawful basis. The Condominium Declaration and Bylaws also provide that any violation thereof shall not defeat or render invalid the lien of a mortgage or deed of trust made in good faith and for value.

   Note: Section 12956.1 of the Government Code provides the following: If this document contains any restrictions based on race, color, religion, sex, sexual orientation, familial status, marital status, disability, national origin, source of income as defined in subdivision (p) of Section 12955, or ancestry, that restriction violates state and federal fair housing laws and is void, and may be removed pursuant to Section 12956.2 of the Government Code. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

   Said Covenants, Conditions and Restrictions have been modified by an instrument, recorded November 3, 1980 as Instrument No. 1071943 of Official Records.

   Designation of Declarant recorded October 13, 1983 as Instrument No. 83-1208354 of Official Records.

   Said Covenants, Conditions and Restrictions have been modified by an instrument, recorded November 3, 1988 as Instrument No. 88-177727, Official Records.

   Said Covenants, Conditions and Restrictions have been modified by an instrument, recorded February 17, 1989 as Instrument No. 89-256672 of Official Records.

   Said Covenants, Conditions and Restrictions have been modified by an instrument, recorded May 26, 2005 as Instrument No. 05 1235534 of Official Records.

4. An easement for electrical supply systems and communication systems and rights incidental thereto in favor of Southern California Edison Company, a Corporation as set forth in a document recorded January 27, 1982 as Instrument No. 82-96031, Official Records, affects Northeasterly 12 feet of the Southwesterly 36 feet of the Northwesterly 14 feet of Lot 1 of Tract 30965.

   Reference is made to said map for full particulars.

5. Exclusive easements for all uses and purposes of a "Parking Space" together with the right to grant the same to others over and across those portions of the "Common Area" of said land defined and delineated as "Part of the Common Area 508" on the herein referred to Condominium Plan, as reserved and/or granted in Mesne Deeds of record, one of which recorded June 29, 1989 as Instrument No. 89-1042053, Official Records.

6. Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby:
   Amount :  $393,750.00
   Dated :  November 13, 2012
   Trustor :  Jeff N Crossland, and Linda M Crossland, husband and wife as community property
   Trustee :  CTC Real Estate Services
   Beneficiary :  Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.
   Recorded :  November 26, 2002 as Instrument No. 02-2871153 of Official Records
   Loan No. :  0002058447454209

   The beneficial interest of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., its successors and/or assigns under said deed of trust was assigned to The Bank of New York Mellon f/k/a the Bank of New York as Successor in interest to JPMorgan Chase Bank, N.A. as trustee for Bear Stearns Arm Trust, Mortgage Pass-Through - Certificates, Series 2003-1 , by assignment recorded April 30, 2015 as Instrument No. 20150493010 of Official Records.

   Said document was re-recorded  March 24, 2016 as Instrument No. 20160325540 of Official Records.

   A substitution of trustee which names NBS Default Services, LLC as trustee recorded April 21, 2016 as Instrument No. 20160451982 of Official Records.

7. Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby:
   Amount :  $525,500.00
   Dated :  June 26, 2006
   Trustor :  Jeff Crossland, and Alice Longoria Crossland, husband and wife, as community property with right of survivorship

Trustee :  CTC Foreclosure Services Corporation
Beneficiary :  Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans Inc.
Recorded : July 24, 2006 as Instrument No. 06 1618487 of Official Records
Loan No. :  00013791141006006

The beneficial interest of Mortgage Electronic Registration Systems, as nominee for Countrywide Home Loans, Inc.  under said deed of trust was assigned to The Bank of New York Mellon fka the Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee on Behalf of the Certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2006-C , by assignment recorded August 19, 2014 as Instrument No. 20140871363 of Official Records.

8. Notice of delinquent assessments and lien therefore payable to the homeowners association pursuant to the document referred to in exception 3 above in the amount of $5764.45, trustee appointed Witkin & Neal, Inc., recorded May 12, 2016 as Instrument No. 20160547285 of Official Records.

9. Any invalidity or defect in the title of the vestees in the event that the trust referred to in the vesting portion of Schedule A is invalid or fails to grant sufficient powers to the trustee(s) or in the event there is a lack of compliance with the terms and provisions of the trust instrument.

10. If title is to be insured in the trustee(s) of a trust or their act is to be insured, we will require a full copy of the trust agreement and any amendments thereto. In certain situations the Company may accept a Trust Certificate, pursuant to Section 18100.5 of the California Probate Code in lieu of the trust agreement. The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

11. The requirement that the Company be presented with a letter from the Homeowner's Association stating that all liens/dues are current.

12. A lien for unsecured property taxes filed by the tax collector of the county shown, for the amount set forth, and other amounts due thereunder, County of Los Angeles, Fiscal Year 2015 ,  Jeff Crossland Taxpayer, in the amount of $ 115.41, recorded November 20, 2015 as Instrument No. 20151457824 of Official Records .

13. A lien for unsecured property taxes filed by the tax collector of the county shown, for the amount set forth, and other amounts due thereunder, County of Los Angeles, Fiscal Year  2016,  Jeff N Crossland Taxpayer, in the amount of $113.17, recorded November 16, 2016 as Instrument No. 20161433163 of Official Records .

14. We will require a Statement of Information from the parties named below in order to complete this report, based on the effect of documents, proceedings, liens, decrees, or other matter which do not specifically describe said land, but which, if any do exist, may affect the title or impose liens or encumbrances thereon.

Parties: Jeffrey Crossland/Jeff Crossland and Alice Longoria/Crossland

(Note:  The Statement of Information is necessary to complete the search and examination of title under this order.  Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact another party with the same or similar name.  Be assured that the Statement of Information is essential and will be kept strictly confidential to this file).

(End of Exceptions)

## **NOTES AND REQUIREMENTS**

For transactions where Stewart Title of California, Inc.. is not the settlement/closing agent, a signed and dated copy of the attached "Acknowledgment of Receipt, Understanding and Approval of Affiliated Business Arrangement Disclosure Statement and STG Privacy Notice for Stewart Title Companies", will be required prior to recording.

A. NOTE: For Information Purposes Only, Vesting on Schedule A per Document No.20082127057.

B. Residential Rate

There are no conveyances affecting said land, recorded with the County Recorder within 24 months of the date of this report.

The Company is not aware of any matters which would cause it to decline to attach CLTA Endorsement 116, indicating that there is located on said land a Condominium known as 1118 3rd Street, Unit 402, Santa Monica, CA 90403 to an extended coverage policy.

None of the items in this report will cause the Company to decline to attach CLTA Endorsement Form 100 to an ALTA Loan Policy, when issued.

Please be aware many lenders are now requiring any request for up-dated information, confirmation of figures and the pay-off check be from the title company to which the demand was sent or which was noted on the demand as the title company in the transaction. Therefore, this company will require any demands for existing liens be directed to "Stewart Title of California, Inc." or at least noted thereon as the title company that will be insuring the proposed transaction. Please be sure such demands also reference our order number as well as your escrow number.

Additional Requirements for "Short Sale" Transactions in which a lender will accept less than the outstanding balance of its loan as full satisfaction of the obligation:

The Company will require, prior to the issuance of a policy of title insurance, evidence that the first-position trust deed holder has received and acknowledged all payments to be made to subordinate-position lien holders, regardless of whether such payments are to be made from proceeds or from contributions by real estate brokers and/or buyers in the subject transaction, or from other third-party sources. Evidence shall include but not be limited to: (a) a written demand from the first-position trust deed holder acknowledging and approving payments to subordinate-position lien holders from proceeds and otherwise; or (b) a supplemental letter or amended demand from the first-position lien holder acknowledging payments to be made to subordinate lien holders from sources other than proceeds (including broker commissions and additional buyer deposits).

## CALIFORNIA "GOOD FUNDS" LAW

California Insurance Code Section 12413.1 regulates the disbursement of escrow and sub-escrow funds by title companies. The law requires that funds be deposited in the title company escrow account and available for withdrawal prior to disbursement. Funds received by Stewart Title of California, Inc. via wire transfer may be disbursed upon receipt. Funds received via cashier's checks or teller checks drawn on a California Bank may be disbursed on the next business day after the day of deposit. If funds are received by any other means, recording and/or disbursement may be delayed, and you should contact your title or escrow officer. All escrow and sub-escrow funds received will be deposited with other escrow funds in one or more non-interest bearing escrow accounts in a financial institution selected by Stewart Title of California, Inc.. Stewart Title of California, Inc. may receive certain direct or indirect benefits from the financial institution by reason of the deposit of such funds or the maintenance of such accounts with the financial institution, and Stewart Title of California, Inc. shall have no obligation to account to the depositing party in any manner for the value of, or to pay to such party, any benefit received by Stewart Title of California, Inc.. Such benefits shall be deemed additional compensation to Stewart Title of California, Inc. for its services in connection with the escrow or sub-escrow.

If any check submitted is dishonored upon presentation for payment, you are authorized to notify all principals and/or their respective agents of such nonpayment.

# EXHIBIT "A"

## LEGAL DESCRIPTION

Order No.:  156389
Escrow No.:  156389

The land referred to herein is situated in the State of California, County of Los Angeles, City of Santa Monica] and described as follows:

A Condominium Composed of:

Parcel 1:

A) An undivided 1/43rd interest in and to Lot 1 of Tract No 30965, in the City of Santa Monica, as per Map recorded in Book 943, Pages 98 to 100, inclusive, of Maps, in the Office of the County Recorder of said County

Except therefrom Units 1 to 43, inclusive, as defined and delineated on the Condominium Plan recorded August 4, 1980 as Instrument No. 80-740969, and as amended in that certain "Amendment to Condominium Plan", recorded February 28, 1989 as Instrument No. 89-317413, Official Records.

B) Unit 21 as defined and delineated on the above referred to Condominium Plan.

Parcel 2:

An exclusive easement, appurtenant to Parcel 1 above, for all uses and purposes of a parking space over and across that portion of Lot 1 of said Tract No. 30965 defined and delineated as "Part of the Common Area" 402 on the above referenced Condominium Plan.

Except from Parcels 1 and 2 above all oil, gas and other hydrocarbon substances and all minerals lying below a depth of 500 feet, as granted to Phyllis worthy, an unmarried woman, by Deed recorded August 10, 1978 as Instrument No. 78-878177 of said County, all rights of surface entry in the surface and substance of said land to a depth of 500 feet were relinquished to record owner of said land, by Deed recorded May 1, 1980 as Instrument No. 80-443722 and by Deed recorded April 24,1980 as Instrument No. 80-412913 of said County.

APN:  4292-021-044

(End of Legal Description)